Filed 7/13/21  P. v. Nickson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092014 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F09618) |
| v. | |
| ALFRED SERGIO NICKSON, | |
| Defendant and Appellant. | |

Defendant Alfred Sergio Nickson appeals the trial court's denial of his Penal Code section 1170.95 resentencing petition.[1]  He contends the trial court erred in denying his petition based on its conclusion that the enacting legislation, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), was unconstitutional.  The Attorney General concedes the issue and asks this court to reverse the trial court's erroneous order and remand the matter for proceedings consistent with section 1170.95.  We accept the People's concession and will reverse the order and remand.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2002, a jury found defendant guilty of first degree murder (§ 187, subd. (a)) and attempted robbery (§§ 664/211). The trial court sentenced him to an indeterminate term of 25 years to life on the murder conviction and stayed sentence on the robbery conviction. We affirmed the conviction in *People v. Nickson* (Sept. 28, 2004, C041378) [nonpub. opn.]. The facts underlying that conviction are not relevant to our disposition on appeal and are therefore not recounted here.

In January 2019, defendant filed a petition to obtain resentencing under newly enacted section 1170.95. Section 1170.95 was enacted as part of Senate Bill 1437 (2017-2018 Reg. Sess.), which took effect January 1, 2019. The legislation limits the circumstances under which a defendant can be found guilty of murder under the felony-murder rule or the natural and probable consequences doctrine. The legislation applies retroactively through section 1170.95, which allows qualifying petitioners to have their murder convictions vacated and be resentenced.

After reviewing the file, the trial court concluded defendant was eligible for resentencing under section 1170.95 if Senate Bill 1437 (2017-2018 Reg. Sess.) had been validly enacted. Following briefing by the parties, the trial court reiterated its conclusion that it was beyond a reasonable doubt defendant was convicted under the first degree felony-murder rule. The trial court went on to conclude, however, that Senate Bill 1437 was invalidly enacted with regard to the first degree felony-murder rule, as it unconstitutionally amended a prior initiative measure, Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)). Accordingly, it ruled that defendant was not entitled to relief under section 1170.95. After considering supplemental briefing, and intervening case authority, the trial court vacated its earlier order and issued a new one, again finding that defendant would be entitled to relief under section 1170.95 if it had been validly enacted, and again concluding that the statute was an unconstitutional

2

amendment of Proposition 115. Based on this conclusion, the court again denied defendant's petition for resentencing.

## DISCUSSION

Defendant appeals, contending the trial court erred in finding Senate Bill 1437 (20170-2018 Reg. Sess.) unconstitutionally amended Proposition 115. He requests that we remand the matter for the trial court to consider his petition in the first instance. The Attorney General concedes the issue and agrees the trial court erred in finding Senate Bill 1437 unconstitutional, reports that the district attorney is no longer pursuing the constitutional challenge, and joins in the request to reverse the trial court's order and for remand.

Consistent with our recent decision, *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 914-917, we accept the Attorney General's concession that Senate Bill 1437 (2017-2018 Reg. Sess.) is not an invalid amendment of Proposition 115. We will reverse the trial court's order.

## DISPOSITION

The trial court's order finding Senate Bill No. 1437 (2017-2018 Reg. Sess.) invalid as to first degree felony murder, and denying defendant's petition for resentencing under section 1170.95, are reversed. The matter is remanded for further proceedings consistent with this opinion.

        KRAUSE        , J.


We concur:

     RAYE      , P. J.



     RENNER    , J.